UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CUMMINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF THE PUBLIC DEFENDER FOR SHASTA COUNTY,<br><br>　　　　　　Defendant. | No. 2:15-cv-0135-WBS-EFB P<br><br>RECOMMENDATION OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In the original complaint, plaintiff named the Shasta County Public Defender's Office as the sole defendant and generally alleged that the defendant "cannot constitutionally defend its

1

client properly." ECF No. 1. The court dismissed the complaint pursuant to § 1915A because the allegations were too vague and conclusory to state a cognizable claim for relief and because the named defendant was immune from suit. ECF No. 10. In granting plaintiff leave to amend, the court informed plaintiff that he must allege two essential elements to state a claim under 42 U.S.C. § 1983: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The court also informed plaintiff that his court-appointed attorney cannot be sued under § 1983, *see Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions), and that any potential claims for legal malpractice do not come within the jurisdiction of the federal courts, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). Further, the court cautioned that as a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

In the amended complaint, plaintiff complains about the alleged inadequacy of his assigned public defender, James Richardson, and the "broken Public Defender System." ECF No. 16 at 1. He claims that his "5th, 6th, 8th, and 14th Amendment rights have been violated" and seeks $100,000 in damages. *Id.* at 5. The amended complaint fails to cure the defects identified in the court's initial screening order because it again names a defendant who is immune from suit, and success on his claim of ineffective assistance of counsel would implicitly call into question the validity of his confinement or its duration. *See Heck*, 512 U.S. at 486-87. Therefore, this action must be dismissed without further leave to amend for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth

2

Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 16) be dismissed for failure to state a claim upon which relief may be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 17, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE